IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ROGER SNYDER and EARL KEAN : CIVIL ACTION
:
v. : No. 08-5217
:
CHARLES M. KRAUS, III et al. :

**MEMORANDUM**

**Juan R. Sanchez, J.**                                                                                **March 2, 2010**

In their Amended Complaint, Plaintiff Roger Snyder, a West Donegal Township Supervisor and a former candidate for reelection to the Township's Board of Supervisors, and his campaign manager, Plaintiff Earl Kean, bring 42 U.S.C. § 1983 claims against three Township Supervisors, Steve Speers, Charles Tupper, and Nancy Garber (collectively, Supervisor Defendants). Snyder alleges Supervisor Defendants retaliated against him for filing the instant lawsuit, in violation of his First Amendment rights. Kean also brings § 1983 claims, alleging his First Amendment right to be free from retaliation and Equal Protection rights were violated. Supervisor Defendants responded with the instant motion to dismiss,[1] asserting Plaintiffs failed to state a claim upon which relief can be granted. The Court will grant, in part, and deny, in part, the motion to dismiss.

**FACTS**[2]

On November 3, 2008, Plaintiffs initiated this lawsuit by filing a complaint against

---

[1] Supervisor Defendants also moved to strike the Amended Complaint, and the Court denied this motion on July 15, 2009.

[2] The Court accepts Plaintiffs' factual allegations as true for the purposes of deciding the instant motion. *See Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

1

municipal police officers, alleging constitutional claims related to Snyder's campaign for reelection as a Supervisor.[3] In January 2009, Snyder learned Supervisor Defendants removed him from his positions with the Elizabethtown Regional Authority, the Northwest Regional Police Commission, and the Northwest Regional Comprehensive Plan. At Tupper's suggestion, Supervisor Defendants agreed to install Tupper in Snyder's former positions. Tupper told Snyder that Tupper and Garber agreed Snyder's "removal in light of the current affairs was warranted." Am. Compl. ¶ 36.

**DISCUSSION**

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a complaint based upon its "failure to state a claim upon which relief can be granted." In deciding a Rule 12(b)(6) motion, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (citation and internal quotation marks omitted).

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level . . . .

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations, alterations, and internal quotation marks omitted). Complaints "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550

---

[3] These claims are not the subject of the instant motion to dismiss.

U.S. at 570).

In Snyder's Amended Complaint, he argues the Supervisor Defendants' decision to replace Snyder as a member of various boards was made in response to Snyder's filing of the instant lawsuit. Snyder contends this action violated his First Amendment right to be free from retaliation for seeking legal redress of grievances. Supervisor Defendants assert their decision to replace Snyder, effectuated by a vote at the January 2009 West Donegal Township annual reorganization meeting, is entitled to absolute legislative immunity. "Municipal legislators enjoy absolute immunity from suit and liability under 42 U.S.C. § 1983 for their legislative activities." *Hogan v. Twp. of Haddon*, 278 Fed. Appx. 98, 103 (3d Cir. 2008) (citing *Bogan v. Scott-Harris*, 523 U.S. 44, 54 (1998)). "Whether an act is legislative turns on the nature of the act, rather than on the motive or intent of the official performing it." *Bogan*, 523 U.S. at 54. Such immunized legislative activities include municipal legislators' exercise of "discretionary and budgetary powers." *Hogan*, 278 Fed. Appx. at 104.

A Pennsylvania statute provides township supervisors with authority to appoint supervisors to specific jobs. *See* 53 P.S. § 65602(c) ("The board of supervisors may appoint a supervisor to be employed as roadmaster, laborer, secretary, treasurer, assistant secretary, assistant treasurer or in any employe[e] capacity not otherwise prohibited by this or any other act."). The statute's language, "may appoint," makes clear boards of supervisors have discretionary authority in this capacity. In this case, the Board voted to appoint Tupper to replace Snyder on various Township boards and authorities. Such a vote is within the Board's discretionary power and is thus a legislative activity entitled to absolute immunity. *See Hogan*, 278 Fed. Appx. at 104 (concluding "it is clear that [the defendant's] voting decisions are exercises of his discretionary legislative powers which are also

3

entitled to legislative immunity"). The Court will therefore grant Supervisor Defendants' motion to dismiss Snyder's § 1983 claim against them.[4]

The Court concludes Kean has failed to allege sufficient factual material to state First Amendment or Equal Protection claims, however, the Court concludes Kean is entitled to the opportunity to replead such claims in conformity with *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) ("When a plaintiff does *not* seek leave to amend a deficient complaint after a defendant moves to dismiss it, the court must inform the plaintiff that he has leave to amend within a set period of time, unless amendment would be inequitable or futile."). The Court will therefore deny the Supervisor Defendants' motion to dismiss Kean's claims, without prejudice to reassertion.

An appropriate order follows.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.

---

[4] Because Supervisor Defendants' appointment of Tupper to Snyder's previous positions is a legislative act entitled to absolute immunity, there is no need to provide Plaintiffs with leave to amend because amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (concluding courts need not provide leave to amend where "amendment would be inequitable or futile").