IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROGER SNYDER and EARL KEAN | : | CIVIL ACTION |
| v. | : | No. 08-5217 |
| CHARLES M. KRAUS, III et al. | : | |

**MEMORANDUM**

**Juan R. Sánchez, J.**                                                                                       **August 27, 2010**

       Defendant West Donegal Township (Township) and Defendants Charles Tupper and Nancy Garber, two Township Supervisors (collectively, Supervisor Defendants), move to dismiss Plaintiffs' 42 U.S.C. § 1983 and Pennsylvania civil conspiracy claims. Plaintiffs are Roger Snyder, a Township Supervisor and former candidate for reelection to the Township's Board of Supervisors, and Earl Kean, his campaign manager. The Township and Supervisor Defendants argue Plaintiffs' claims should be dismissed for failure to state a claim upon which relief can be granted. Supervisor Defendants further assert they are entitled to qualified immunity. Because Plaintiffs have failed to state a legally cognizable claim against these Defendants, the motion to dismiss is granted.[1]

**FACTS**

       On November 3, 2008, Plaintiffs filed a complaint against Officer Defendants, alleging constitutional claims related to Snyder's reelection campaign for Township Supervisor.

---

[1] Plaintiffs also name three police officers, Charles M. Kraus, III; Kenneth M. Henry; and Randall J. Aument (Officer Defendants); and the Northwest Regional Police Commission as Defendants in this action. Officer Defendants also moved to dismiss, and this Court disposed of their motion by separate Order of August 26, 2010.

In January 2009, Snyder learned Supervisor Defendants had terminated his positions with the Elizabethtown Regional Authority, the Northwest Regional Police Commission, and the Northwest Regional Comprehensive Plan. At Tupper's suggestion, Supervisor Defendants installed Tupper in Snyder's former positions.

At a February 2009 Township meeting, Defendant Garber told Kean and Snyder's son, Eric Snyder, they would not be able to speak or participate at the meeting if they did not sign an attendance log. Both refused to sign. No other attendees were told signing an attendance log was a precondition to participation in the meeting. When Kean approached Garber after the meeting, she told him the meeting was over.

On March 30, 2009, Plaintiffs filed an Amended Complaint, adding constitutional claims against Supervisor Defendants and another Township Supervisor, Steve Speers. On March 2, 2010, this Court partially granted Speers's and Supervisor Defendants' motion to dismiss, dismissing Snyder's claims against Speers and Supervisor Defendants after holding removal of Snyder from various positions was a legislative act entitled to absolute immunity. This Court also held Kean failed to plead sufficient facts to establish a First Amendment retaliation or Equal Protection claim, but permitted him to replead such claims in conformity with *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

In their Second Amended Complaint, Plaintiffs added the Township as a Defendant, seeking to hold the Township liable for the acts of Supervisor Defendants which this Court held were entitled to legislative immunity. Kean also added the following new factual allegations: (1) Kean is a former Pennsylvania State Police Sergeant; (2) he is a well-known and outspoken critic of the Northwest Regional Police Department; and (3) he had a cordial relationship with Garber prior to the February

2009 Township meeting. Plaintiffs also added new claims of civil conspiracy against Supervisor Defendants, pursuant to 42 U.S.C. § 1983 and Pennsylvania law.[2]

**DISCUSSION**

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." In deciding a Rule 12(b)(6) motion, a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (citation and internal quotation marks omitted). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

Government officials performing discretionary functions are generally immune from civil liability. *Harlow v. Fitzgerald*, 457 U.S. 800, 816 (1982). Courts undertake a two-step analysis to resolve questions of qualified immunity. *Pearson v. Callahan*, 129 S. Ct. 808, 815 (2009). First, a court must determine whether the facts as alleged by the plaintiff establish a violation of a constitutional right. Second, a court must determine whether such right was clearly established at the time of the alleged violation. If a plaintiff's allegations amount to a constitutional violation and the right violated was clearly established at the time of the alleged conduct, the defendant is not entitled to qualified immunity. *Id.* Under *Pearson*, courts may undertake analysis of either step first. *Id.* at 818. In the instant case, this Court will first examine whether Plaintiffs have stated cognizable constitutional claims because this analysis is dispositive.

---

[2] Plaintiffs do not reassert a claim against Speers. Therefore, he is no longer part of this lawsuit.

Count III of Plaintiffs' Second Amended Complaint is a § 1983 claim against the Township for First Amendment retaliation, pursuant to *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978). Plaintiffs allege the Township had "an official policy, custom, and practice" of removing individuals from official posts in retaliation for filing lawsuits. Second Amd. Compl. ¶ 40. Plaintiffs' *Monell* claim fails because municipalities may not be held liable for acts which are not constitutional violations. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (concluding *Monell* does not authorize actions against municipalities based on actions of its officers which do not amount to constitutional harm). This Court has already determined Supervisor Defendants cannot be held liable for removing Snyder from his posts because such actions are entitled to legislative immunity. Mem. and Order of March 2, 2010. Because Supervisor Defendants' actions did not violate the Constitution, the Township cannot be held liable under § 1983 for such actions. Furthermore, to the extent Count III reasserts § 1983 claims against Supervisor Defendants based upon legislative activity, such claims are also dismissed because this Court has already disposed of them. *See Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 816 (1988) ("When a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case."). Count III is therefore dismissed.

Count II of Plaintiffs' Second Amended Complaint contains 42 U.S.C. § 1983 claims against Supervisor Defendants and the Township. To state a § 1983 claim, a plaintiff must show a defendant, acting under color of state law, deprived the plaintiff of a federal constitutional or statutory right. *Miller v. Mitchell*, 598 F.3d 139, 147 (3d Cir. 2010). Kean asserts § 1983 claims for First Amendment retaliation and an Equal Protection violation arising from Garber's request to sign an attendance log at the February 2009 Township meeting. Kean also alleges Tupper orchestrated

this event, but he does not specify when or how such direction occurred.

To survive a motion to dismiss, a claim must be facially plausible. *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007). A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citation and internal quotation marks omitted). Kean's allegation Tupper "orchestrated" Garber's actions, without stating any specific facts suggesting Tupper's involvement, is facially implausible. Kean's § 1983 claim is inadequately pled and this Court will not consider whether Count II adequately alleges a claim against Garber and the Township.

To plead a First Amendment retaliation claim, a plaintiff must allege: "(1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the constitutionally protected conduct and the retaliatory action." *Thomas v. Independence Twp.*, 463 F.3d 285, 296 (3d Cir. 2006). To establish a causal link, a plaintiff must allege either "(1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link." *Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007). Kean alleges Garber asked him to sign an attendance log in retaliation for his prior criticism of local law enforcement, political involvement with Snyder, and filing of the instant lawsuit. The temporal proximity of Garber's actions to Kean's conduct, however, do not suggest a causal link. Kean states he has been a consistent critic of law enforcement for "a long time," Second Amd. Compl. ¶ 1, and his political involvement with Snyder has been ongoing since at least November 5, 2007, the date upon which the events giving rise to the instant

5

litigation took place. This lawsuit was filed on November 3, 2008. Kean has failed to show "an unusually suggestive temporal proximity" between these instances of speech and the February 2009 Township meeting. *Lauren W.*, 480 F.3d at 267. Although Kean alleges Garber's actions were part of a conspiracy to retaliate against Plaintiffs, Kean supplies no factual allegations to reveal "pattern of antagonism" by Garber towards him. *Id.* Rather, he alleges his relationship with Garber was "cordial and cooperative" prior to the February 2009 incident. Second Amd. Compl. ¶ 33. Kean has failed to allege a causal link between Garber's actions and his speech. Kean's § 1983 First Amendment retaliation claim is therefore dismissed.

Kean also brings an Equal Protection claim against Garber, alleging she treated him differently from other Township meeting attendees when she asked him to sign an attendance log. Kean does not assert he was treated differently because of his membership in a protected class. Plaintiffs can assert Equal Protection claims without membership in a protected class under a "class of one" theory. *Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3d Cir. 2006). To state an Equal Protection claim under a "class of one" theory, a plaintiff must allege "(1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment." *Id.* While Kean's allegations regarding Garber's request he sign an attendance log satisfy these elements, Kean must also allege deprivation of a constitutional right to state a § 1983 claim. *See Miller*, 598 F.3d at 147. Kean does not identify any right which was allegedly infringed upon by Garber's request. Based on the related allegations, this Court infers Kean believes Garber's request violated his First Amendment free speech rights. Kean does not assert he was prevented from speaking or from otherwise participating in the February 2009 Township meeting. Kean also does not assert he was compelled to speak by signing the attendance

6

log.  Rather, he asserts he refused to sign the log.  Even though Kean successfully alleges unequal treatment, he fails to allege such treatment resulted in the deprivation of a constitutional right.  Kean's § 1983 Equal Protection claim against Garber is therefore dismissed.

Plaintiffs also name the Township as a Defendant in Count II, without alleging any custom, policy, or practice which could plausibly give rise to § 1983 liability.  *See Monell*, 436 U.S. at 694 (concluding municipal liability arises only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy" inflicts the alleged injury); *see also Twombly*, 550 U.S. at 570 (requiring a claim be facially plausible to survive a motion to dismiss).  Plaintiffs have failed to state a claim against the Township in Count II, and Count II is therefore dismissed against all Defendants.

Count IV of Plaintiffs' Second Amended Complaint is a civil conspiracy claim against Supervisor Defendants and others, pursuant to 42 U.S.C. § 1983 and Pennsylvania law.  To state a § 1983 claim for civil conspiracy, a plaintiff must allege "persons acting under color of state law conspired to deprive him of a federally protected right." *Ridgewood Bd. of Educ. v. N.E. ex rel. M.E.*, 172 F.3d 238, 254 (3d Cir. 1999).  To state a claim for civil conspiracy under Pennsylvania law, a plaintiff must allege:  "(1) a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose, (2) an overt act done in pursuance of the common purpose, and (3) actual legal damage." *Phillips v. Selig*, 959 A.2d 420, 437 (Pa. Super. Ct. 2008).  Plaintiffs' factual allegations in support of their conspiracy claims are the same allegations this Court held did not constitute constitutional violations, namely, Snyder's removal from his positions of authority and Garber's request to Kean at the February 2009 Township meeting.  Even if Supervisor Defendants conspired to do such acts,

7

Plaintiffs have failed to allege any act which is a deprivation of a constitutional right or which is unlawful. Plaintiffs have failed to state a claim for civil conspiracy under either § 1983 or Pennsylvania law. Count IV, therefore, is dismissed as to Supervisor Defendants.[3]

An appropriate order follows.

BY THE COURT:


 /s/ Juan R. Sánchez
Juan R. Sánchez, J.

---

[3] Because Plaintiffs have failed to state cognizable constitutional claims, there is no need to undertake an evaluation of the second step of the qualified immunity analysis.