IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROGER SNYDER, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | No. 08-5217 |
| | : | |
| CHARLES M. KRAUS, III, et al. | : | |

**MEMORANDUM**

**Juan R. Sánchez, J.**                                                                                                  **March 8, 2011**

Defendants Northwest Lancaster County Regional Police Commission (the Commission), Charles Kraus, Kenneth Henry, and Randall Aument ask this Court to order Plaintiffs Roger Snyder and Earl Kean to comply with the terms of the parties' settlement agreement, as set forth in a proposed general release drafted by defense counsel. Plaintiffs object to the general release, arguing it should specifically exclude separate lawsuits filed by Snyder in the Middle District of Pennsylvania and by Kean in the Eastern District of Pennsylvania. Because the proposed general release accurately reflects the terms of the settlement agreement stated on the record before this Court on January 20, 2011, Defendants' motion to enforce settlement will be granted. Because Defendants have advised Plaintiffs they do not object to modifying the general release to exclude Kean's lawsuit, however, Defendants are directed to make this modification before forwarding it to Plaintiffs for execution.

**FACTS**

Plaintiffs initiated this action in November 2008, asserting claims pursuant to 42 U.S.C. § 1983 and Pennsylvania law arising out of Defendants' alleged efforts to damage Snyder's campaign for reelection to the West Donegal Township Board of Supervisors. Plaintiffs amended their complaint twice, in March 2009 and April 2010, and, after this Court ruled on several motions

to dismiss, the case was placed in this Court's February 7, 2011, trial pool.

On January 20, 2011, after the close of discovery and while the Defendants' summary judgment motion was pending, the parties and their counsel participated in a settlement conference before this Court.[1] Following discussion with the Court and among themselves, the parties, through their respective counsel, stated they had reached a settlement and placed the terms of the settlement on the record as follows:

> [DEFENDANTS' COUNSEL]: Your Honor . . . the parties have reached a global resolution of all claims against my clients.
> The plaintiff has agreed to accept the total sum of $14,000.00. The distribution . . . or the amounts paid to each plaintiff will be decided at a later time, I don't know what that is.
> However, the defendants are willing to tender the total sum of $14,000.00 in exchange for the execution of the general release that my office will prepare and forward over to [Plaintiffs' counsel] for his review.
> Also, we have asked that [Plaintiffs' counsel] on behalf of his clients execute a stipulation of voluntary dismissal of all claims against the individual defendants, Mr. Kraus and Officers Aument and Henry.
> I would ask that that stipulation be entered of record prior to the entry of the Rule 41 order and . . . therefore the Commission would be settling the case with both plaintiffs.
> . . . I've also advised the Court—and [Plaintiffs' counsel] is aware of this—that pursuant to the Commission's membership agreement with the Pennsylvania Intergovernmental Risk Management Association, the Commission has a right to object to these terms of settlement that are being tendered today.
> The Board—as I understand it—will be meeting on Tuesday, the 25th [of January] at 6:30 p.m. The representatives from the . . . Board here today . . . will convey this information to the entire governing body in executive session.
> Following their consideration of the terms of the settlement, I will report to the Court and to [Plaintiffs' counsel] on the 26th as to whether there is any . . . objection to settlement.
> That—as I understand it—are the terms that have been reached today and that the $14,000.00 sum and settlement is inclusive of all attorneys fees and costs.
>
> THE COURT: Very well.

---

[1] Snyder attended the settlement conference in person. Kean did not attend because he was out of town, but his counsel advised this Court Kean was available by telephone.

> [PLAINTIFFS' COUNSEL]: There . . . needs to [be] a clarification, apparently it didn't get through when we talked.
> The issue of distribution is for the plaintiffs, it is not for the defendants.
> There . . . will be a—as I understand it, at least—there will be [a] release, the release will be executed by both Mr. Earl Kean and Mr. Roger Snyder.
> And the issue of distribution of funds will be among us . . . the check will be made out to [Plaintiffs' counsel] as attorney for Roger Snyder and Earl Kean or [Plaintiffs' counsel], I don't care one way or another.
> Other than that, I . . . agree with what . . . [Defendants' counsel] has put forth.
>
> THE COURT: Very well.
> Mr. Snyder, you understand and you agree?
>
> MR. SNYDER: Yes, sir.
>
> THE COURT: And I understand from the defense—the defendants—who are representing the Commission here, that that will be the recommendation you will be making?
>
> MR. SNYDER: Yes.
>
> THE COURT: Very well.
> Anything else that we need to do?
>
> [DEFENDANTS' COUNSEL]: No, your Honor.

Settlement Conference Tr. 2-4, Jan. 20, 2011. Based on the foregoing agreement, this Court granted Plaintiffs' request to stay all remaining deadlines while Defendants' sought the Commission's approval of the settlement.

The parties subsequently advised this Court by phone that the Commission had approved the settlement, and on February 3, 2011, Defendants circulated a general release to Plaintiffs by email, which provided, in relevant part:

> That Roger Snyder and Earl Kean ("Releasors") jointly, in consideration of the total sum of **Fourteen Thousand Dollars ($14,000.00)**, in hand paid, on behalf of themselves and all and any other person entitled to claim through this receipt of which is hereby acknowledged, do hereby remise, release and forever discharge the Northwest Lancaster County Regional Police Commission, Charles M. Kraus, III,

3

> Kenneth M. Henry, Randall J. Aument, the Pennsylvania Intergovernmental Risk Management Association (PIRMA), Integrated Risk Management (IRM), and American Risk Pooling Consultants, Inc. (ARPCO) (collectively "Releasees") and their agents, employees, assigns, successors, heirs, executors and administrators, of and from all, and all manner of liability, actions and causes of action, suits, debts, dues, accounts, bonds, covenants, contracts, agreements, judgment, claims and demands whatsoever in law or equity, including any claim for contribution or indemnity, especially any and all claims, known and which may become known in the future, which were asserted or could have been asserted in, arising out of or in any way related to the litigation captioned <u>Roger Snyder and Earl Kean v. Charles M. Kraus, III, *et al.*</u>, Eastern District of Pennsylvania, Case Number 08-5217, which against the said Releasees and their agents, employees, assigns, successors, heirs, executors and administrators they ever had jointly or individually, now have or which they or their heirs, executors, administrators, successors, or assigns, or any of them, hereafter can, shall, or may have, for, or by reason of any cause, matter or thing whatsoever, from beginning of the world to the date of the presents.

Mot. to Enforce Ex. 2 (Defendants' proposed general release).

On February 7, 2011, pursuant to the terms of their agreement, the parties filed a stipulation of dismissal as to Kraus, Aument, and Henry, which this Court signed the following day. On February 9, 2011, Plaintiffs' counsel advised Defendants the proposed general release was unacceptable because, in his view, "the release was not to include [Snyder's case in the Middle District of Pennsylvania]."[2] Mot. to Enforce Ex. 2 (email from Plaintiffs' counsel to Defendants' counsel, Feb. 9, 2011). Plaintiffs' counsel also stated Kean would not settle because he, too, had another case pending, of which Plaintiffs' counsel had not been aware at the time of the settlement conference. *Id.*

---

[2] Snyder's case—*Snyder v. Bender*, No. 09-927 (M.D. Pa.)—was filed in May 2009 and included claims against Kraus but none of the other settling Defendants in this action. By order of December 9, 2010, Kraus was dismissed from the Middle District action without prejudice due to Snyder's failure to serve him. Although Snyder filed a motion for leave to file an amended complaint which reasserted claims against Kraus in the Middle District action in February 2011, at the time of this Court's January 20, 2011, settlement conference, Kraus was no longer a party to the Middle District action.

4

The parties thereafter exchanged further communications about the proposed general release. Defendants indicated they were willing to revise the release to exclude Kean's other lawsuit, as they regarded the claims in that lawsuit as distinct from the claims in this case; however, Defendants denied there was ever an agreement to exempt Snyder's lawsuit in the Middle District of Pennsylvania, which Defendants contended raised claims also raised by Snyder in this case. Plaintiffs' counsel took the position that he had expressly raised Snyder's Middle District action at the January 20 settlement conference, both in discussions before this Court and in discussions with defense counsel and Defendants' insurer, and had "made it perfectly clear that the Middle District action would not be affected in any way by the Eastern [D]istrict settlement we had reached at $14,000."[3] *Id.* (email from Plaintiffs' counsel to Defendants' counsel, Feb. 11, 2011). On February 16, 2011, Plaintiffs' counsel sent defense counsel a revised general release, which included the statement "[t]his release does in no way affect or relate to pending federal cases by Mr. Snyder in the Middle District of Pennsylvania and, or, by Mr. Kean in the Eastern District of Pennsylvania," but was otherwise identical to the Defendants' proposed general release. *Id.* (email from Plaintiffs' counsel to Defendants' counsel, Feb. 16, 2011).

On February 18, 2011, having received no notification from the parties that a stipulation of dismissal could be entered pursuant to Local Civil Rule 41.1(b) even though the individual defendants had been dismissed more than one week earlier, this Court scheduled a teleconference for February 22, 2011, to determine whether a stipulation of dismissal could be entered.[4] During the

---

[3] Insofar as Plaintiffs' counsel contends the issue of Snyder's Middle District lawsuit was raised in settlement discussions before this Court, counsel is incorrect.

[4] Although this Court signed an order scheduling the teleconference on February 18, 2011, the order was not docketed until the morning of February 22, 2011.

call, the parties advised the Court they disagreed regarding the scope of the general release Plaintiffs agreed to execute as part of the settlement. In light of the disagreement, this Court directed Defendants to file a motion to enforce settlement by February 24, 2011, and scheduled a hearing on the motion for February 28, 2011.

In their motion, Defendants argue Plaintiffs' proposed modified release is inconsistent with the terms to which the parties agreed before this Court insofar as it purports to exclude Snyder's and Kean's pending actions. Although Plaintiffs did not file a written response to the motion, Plaintiffs' counsel testified at the February 28 hearing regarding his recollection that he had raised the issue of Snyder's action in the Middle District with defense counsel at some point during the settlement conference. Snyder also testified at the motion hearing. Snyder agreed with his attorney that the general release should exclude the Middle District action; however, despite his attorney's efforts to get Snyder to agree with his mistaken recollection that the Middle District action had been discussed during the settlement conference, Snyder stated the Middle District action was not addressed during the settlement discussions involving this Court. Rather, he testified the discussions were limited to this case because the parties were concerned with settling only this case.

**DISCUSSION**

The parties do not dispute they entered into an enforceable settlement agreement at the settlement conference on January 20, 2011, subject only to the Commission's right to object. *See Good v. Pa. R.R. Co.*, 384 F.2d 989, 990 (3d Cir. 1967) (holding settlement agreement need not be in writing to be valid and binding). The parties likewise do not dispute the basic terms of their agreement: Defendants' payment of $14,000 in exchange for the execution of a general release by Kean and Snyder, with a stipulation of voluntary dismissal of all claims against the individual

Defendants to be entered prior to entry of an order of dismissal pursuant to Local Civil Rule 41.1(b). Instead, the parties dispute only the scope of the general release to which they agreed.[5] Plaintiffs' sole objection to the proposed general release drafted by Defendants is that the release should specifically exclude the separate federal cases filed by Snyder and Kean.

Although Plaintiffs argue the parties agreed to exclude Snyder's Middle District action from the release, the only evidence of any such agreement is Plaintiffs' counsel's testimony that he addressed the Middle District action with defense counsel at some point during the settlement conference. This testimony, however, is refuted by Snyder's testimony that the Middle District action was not mentioned during the conference, as the parties were concerned with settling only the instant case. Moreover, as noted, the Middle District action was never raised in settlement discussions before this Court. More important, the parties did not mention the Middle District action when placing the terms of their settlement on the record on January 20. In summarizing the agreement, defense counsel noted the parties had "reached a global resolution of all claims against [Defendants]" and stated Defendants were "willing to tender the total sum of $14,000.00 in exchange for the execution of the general release that my office will prepare and forward over to [Plaintiffs' counsel] for his review." Settlement Conference Tr. 2, Jan. 20, 2011. Plaintiffs' counsel thereafter made one clarification to defense counsel's summary, noting the distribution of the settlement

---

[5] Even where a general release is a term of a settlement agreement, the parties need not specify the precise terms of the release to have an enforceable agreement. *See Mastroni-Mucker v. Allstate Ins. Co.*, 976 A.2d 510, 520-24 (Pa. Super. Ct. 2009) (holding the parties' oral, on-the-record agreement to settle a case for $60,000 in exchange for a "full general release of [two entities and two individuals], and also an indemnification and defense in the release for any future claims" was binding and enforceable, notwithstanding that the parties continued to negotiate the terms of the release, where defense counsel at no time suggested the settlement was "contingent upon future agreement to ongoing negotiations of release terms").

proceeds would be resolved by Plaintiffs, but stated he otherwise "agree[d] with what . . . [defense counsel] ha[d] put forth." *Id.* at 3. While Plaintiffs' counsel acknowledged the settlement included a release to be "executed by both Mr. Earl Kean and Mr. Roger Snyder," he did not mention the exclusion of Snyder's pending action from the release, notwithstanding his later testimony that the Middle District action had been specifically discussed during settlement negotiations. On this record, this Court cannot agree the general release should specifically exclude Snyder's Middle District action.

As to Kean, it is undisputed his separate action in the Eastern District of Pennsylvania was not mentioned during the settlement conference, as Plaintiffs' counsel was not aware of it at the time. Nevertheless, after Plaintiffs' counsel raised the issue, Defendants agreed to revise the release to exclude Kean's other lawsuit, which Defendants view as asserting claims distinct from those at issue in this case. Mot. to Enforce Ex. 2 (letter from Defendants' counsel to Plaintiffs' counsel, Feb. 11, 2011). Because Defendants do not object to modifying the general release in this manner, the Court will direct Defendants to do so.

Because Defendants' proposed general release is consistent with the terms of the parties' settlement agreement as stated on the record on January 20, 2011, Defendants' motion to enforce is granted. An appropriate order follows.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.